Johnson, C. J. The plaintiff in error has raised but one single objection to the judgment of the court below. The ground of this objection is, that the court refused to permit him to prove, by parol evidence, what property had been levied upon and seized by the defendant, as sheriff of Pulaski county, under the writ of attachment issued at the suit of Chester Ashley. In order to fix the liability of the defendant, the plaintiff introduced a portion of the record and proceedings in the attachment suit, commencing with the declaration, and closing with the endorsement of the defendant, made upon the writ of attachment, stating the time when it carhe to his hands, but declined to read the return itself to the jury. To this course of proceeding the defendant objected at tire time, and insisted that the return was a part of the record in the cause, and consequently it was the highest and best, and indeed the only legitimate, evidence'of the facts sought to be established by the parol testimony. The court below sustained the objection, and this is the decision which is now sought to be reversed. The substance of the breach is, that the defendant, as sheriff of Pulaski county, under and by virtue of a writ of attachment, sued out by Chester Ashley, against the plaintiff, levied upon, seized and took into his custody, certain goods and chattels, the property of the plaintiff, and that he did not safely and securely keep the same, but that, on the contrary, he kept them so carelessly and negligently that they were wholly lost and destroyed. The defendant expressly and positively denies that he levied upon, seized, or took into his possession any goods or chattels whatever, of the plaintiff, and also that he suffered the property to be used by others, or wasted and destroyed. These allegations being expressly denied, it most unquestionably devolved upon the plaintiff to support them by proof. In the case of Avey v. Bridges and others, 2 Star. Rep. p. 166, Holroyd, J., was of opinion that tire defendant was not entitled to have the return read as part of the document produced by the plaintiff. The action was instituted, in that case, against the sheriff, for an escape, and, on his part, it was proposed to prove that he had returned that the party-had been rescued, and it was contended that this return was binding in that action, since the return of a sheriff becomes a record of the court, which is not traversable, and if the return had been false, an action might have been brought for tire false return. On the other hand, it was contended that the return made by the sheriff could not be evidence for himself.- Holroyd, J., was of opinion that the return was admissible, but that it could not be conclusive in that action, although in another action it would be so. It is clear, that the return made by the sheriff in that case, was not regarded as more than prima facia evidence of the facts that it contained, and consequently liable to be rebutted and overturned by proof aliunde. It will be readily conceded, that the return of a sheriff is conclusive against himself, and this is upon the principle that a party is always supposed to make the best possible case in his own favor, and it is equally true, that, when his adversary reads his return against him, he can then claim the benefit of it, and if he should only read a portion of it, that he would be entitled to the whole. But it is contended that, inasmuch as the plaintiff read a part of the record and proceedings in the attachment suit, therefore, he made the whole of it testimony, and that he was bound to read it. This position is incorrect. The writ and the return endorsed upon it are two separate and independent instruments. The plaintiff was not bound to read the sheriff’s return, in order to make out his own case, but should have been permitted to establish the facts, and seizure and waste of the property, by the best evidence within his reach. If, after the plaintiff had rested his case, the defendant had seen proper to read his own return, he most- assuredly would have been at liberty to do so, and then the weight of the testimony would have properly been a question for the determination of the jury, under the instruction of the court. We think, therefore, that there can be no doubt but that the Circuit Court erred in refusing permission to the plaintiff to introduce witnesses to show what property was seized and taken by the defendant under the writ of attachment. The judgment is, therefore, reversed.